Caruthers, J.,
delivered the opinion of the Court.
This is a case of some novelty, and it is difficult to know what disposition should i be made of it. It comes before us by appeal in error from the action of *524 the Circuit Court, on the petition of Parks for a writ of supersedeas to an execution issued against him upon a judgment of the Circuit Court of Weakley, for $1086 cost, as the security of the contestants of the will of one James Turner, deceased.
The contest commenced in 1856, when Cardwell & Rogers were the sureties, who continued until August Term, 1858, when they were released, and Parks became bound. The entry of record is in these words, as set forth in the petition, viz: “ Joab Parks comes into open court and acknowledges himself the defendant’s security in the siim of $1000, in the room and stead of M. D. Cardwell and John A. Rogers, their former securities, conditioned that they defend their suit successfully, or, in case of failure, to pay all costs.” The case was then continued by the defendants, at the costs of the term: It was tried the next October, and decided in favor of the will and against the defendants. Whereupon, the execution now complained of was issued on the 3d of November, for the costs, amounting to $1086 The Circuit Judge granted his fiat out of court on 23d of February, 1859, for a supersedeas as to the cost of August Term, 1858, but refused it as to the balance. At the next term, it appears that an application was made in open court upon the same petition for a su-persedeas, and the court refused it, except to the extent before stated. From that judgment the appeal is taken to this court.
It is impossible for us to pass upon the correctness of the judgment of the Circuit Court in granting the su-persedeas as to the costs of August Term, 1858, because the reeord is not before us, and without that we cannot *525 know against whom that judgment was rendered, or whether after or before the petitioner entered into the recognizance for cost. The petition does not even disclose that fact.
But the appeal is not from that, but from the refusal to go further. It id probable that the main object of the appeal is to test the question of his liability at all, and if liable, to reduce it to $500. These questions are made by the petition, and if with the plaintiff would entitle him to the supersedeas.
1. Is he bound at all ? There can be no doubt that an undertaking, by recognizance, for costs, is as good and binding as if by bond, which is the ordinary mode, But it is insisted that if that be so, yet this is not good because it does not bind thp surety to the other party in the suit, or name any one to whom he is to be bound. That would have been more formal, but it is only a defect in form, and not in substance. It is upon the records in the suit of Allen v. The Turners, and he agrees to be the defendants' security for cost, to the plaintiff, of course, to whom else could it be ? It is too easily rendered certain to be void for uncertainty.
2. It is argued that he could only be bound for $500, for two reasons: 1. That is the sum prescribed by statute for contestants of wills; and 2. They enter in the “room and stead” of the former securities, and they were only bound to that extent. Neither of these grounds are available. The statute is only directory as to the sum of $500, and the courts may exerciae a proper discretion in view of the magnitude of the suit, and the probable cost, in regulating the amount. And so, in taking other or additional security, the amount *526 may be changed. The fact that the former sureties were bound in $500, is no reason why the latter might not be bound for more. He took - their places as to the suretyship, not the amount, — he agreed in his recognizance that might be raised to $1000.
We do not see why the Circuit Judge did not su-percede the execution as to the $86. He could not be liable beyond Ms obligation.
All we decide now is, that the grounds assumed in the petition are not sufficient to exonerate him from the costs, or to reduce his obligation one-half; and, therefore, the Circuit Court did right in refusing the supersedeas to the extent demanded. The case is affirmed, and remanded where justice will be done by correcting and limiting the bill of costs as may be right and proper.